# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL DONALD OWSLEY, | ) |
| Petitioner, | ) |
| v. | ) No. 4:05-CV-2234-DDN |
| JILL McGUIRE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Michael Donald Owsley's application for a writ of habeas corpus. For the reasons stated below, the Court finds that the petition is time-barred and therefore, will be denied.

**The petition**

Petitioner, formerly incarcerated at Tipton Correctional Center and currently released, seeks to have his conviction overturned pursuant to 28 U.S.C. § 2254. Petitioner challenges the December 14, 2001, conviction imposed by the Circuit Court of St. Charles County, Missouri, on the grounds that (1) the trial court lacked jurisdiction; (2) the prosecution failed to disclose favorable evidence; (3) the court had no petit or grand jury indictments; (4) his constitutional right to a jury trial was denied; (5) his conviction was obtained in violation of his privilege against self-incrimination; (6) his right to appeal was denied; (7) he received ineffective assistance of counsel; (8) St. Charles County Court did not prove beyond a reasonable doubt that he was guilty of stealing by deceit; (9) malicious prosecution; and (10) violation of the ex post facto clause and the double jeopardy clause.

**Discussion**

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a District Court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

Although petitioner is no longer incarcerated, the custody requirement of § 2254 may be met even if the petitioner is not physically confined. *Jones v. Cunningham,* 371 U.S. 236, 239-40, 83 S.Ct. 373, 375-76 (1963). Because the instant petition was filed before petitioner was released, petitioner provided no information to the Court regarding whether he is subject to other significant restraints upon his liberty "not shared by the public generally." *See Jones,* 371 U.S. at 240, 83 S.Ct. at 376. The Court need not answer this question, however, because petitioner's petition is time-barred under 28 U.S.C. § 2244(d)(1), and for that reason is subject to summary dismissal.

As stated above, petitioner was convicted on December 14, 2001. Petitioner appealed to the Missouri Court of Appeals, which issued its mandate on January 9, 2003, denying petitioner's appeal. Petitioner states that he filled out a Form 40[1] in an effort to appeal to the Missouri Supreme Court, but said Form 40 was used in his probation revocation rather than for his appeal. Thus, petitioner did not appeal to the Missouri Supreme Court or petition for certiorari from the denial of his direct appeal to the United States Supreme Court.

Allowing ninety days from the Missouri Court of Appeal's decision, petitioner's one-year limitation period would have begun to run on April 9, 2003. *See Smith v. Bowersox*, 159 F.3d 345, 347 (8th Cir. 1998) (holding that the running of the statute of

---

[1] Missouri Supreme Court Rule 29.15 provides as follows: "A person seeking relief pursuant to this Rule 29.15 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form No. 40." Rule 29.15(b).

limitations for purposes of § 2244(d)(1) is triggered either by the conclusion of all direct state criminal appeals followed by either the completion or the denial of certiorari proceedings before the United States Supreme Court or if certiorari was not sought then the conclusion of all direct state criminal appeals followed by the expiration of the ninety-day time period for filing a petition for certiorari). Thus, the instant petition is time-barred as it was executed by petitioner on November 8, 2005, and filed by the Court on November 29, 2005, more than one-and-one-half years after conclusion of the one-year limitation period.

Furthermore, even if the period of limitations is subject to equitable tolling, *see Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999), petitioner has not asserted any facts that would cause the Court to conclude that equitable tolling applies in this case. *Id.* (noting that in habeas context equitable tolling is proper when "extraordinary circumstances" beyond a prisoner's control makes it impossible to file the habeas action on time). Even if the Court were to construe petitioner's assertion that he attempted to appeal to the Missouri Supreme Court by filling out a Form 40 as a reason for his failure timely to file his petition, petitioner is not entitled to equitable tolling on this ground.

First, by filing his § 2254 motion more than one-and-one-half years beyond the statute of limitations, petitioner has not demonstrated diligence in pursuing his rights. *U.S. v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (citation omitted); *Jihad v. Hvass,* 267 F.3d 803, 805-06 (8th Cir.2001) (equitable tolling affords otherwise time-barred petitioner exceedingly narrow window of relief; equitable tolling is proper only when extraordinary circumstances beyond prisoner's control make it impossible to file petition on time); *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir.1989) ("...[E]quity is not intended for those who sleep on their rights."). Second, petitioner's

claim is essentially attributable to ignorance of the law, which the Court has found does not warrant equitable tolling. *U.S. v. McIntosh,* 332 F.3d 550, 551 (8th Cir. 2003) (*citing Cross-Bey v. Gammon,* 322 F.3d 1012, 1015-16 (8th Cir.2003) (unrepresented prisoner's lack of legal knowledge does not support equitable tolling). Thus, petitioner's motion must be dismissed because it is untimely and is not subject to equitable tolling.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. 2] be **GRANTED**. *See* 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that petitioner's petitioner for writ of habeas corpus [Doc. 1] be **DENIED.**

An appropriate order will accompany this memorandum and order.

Dated this 19th day of December, 2005.

_____
**UNITED STATES DISTRICT JUDGE**